...
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 16-cv-61511-WJZ

CAROL WILDING, *et al.*, individually, and on behalf of all those similarly situated,

    Plaintiffs,

vs.

DNC SERVICES CORPORATION, d/b/a DEMOCRATIC NATIONAL COMMITTEE, and DEBORAH "DEBBIE" WASSERMAN SCHULTZ,

    Defendants.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATIONS OF REBECCA HERRIES, LINDSEY REYNOLDS, AND ROBERT F. BAUER, AND OTHER <u>INADMISSIBLE HEARSAY</u>**

Plaintiffs respectfully file this motion and incorporated memorandum of law in support of their motion *in limine* to exclude the declarations of Rebecca Herries ("Ms. Herries"), Lindsey Reynolds, and Robert F. Bauer, and other inadmissible hearsay and, accordingly, state as follows:

**Background**

1. On August 10, 2016, this Court set an August 23, 2016 evidentiary hearing on the motion regarding service of process (hereinafter "motion to quash service of process")[1] filed by

---

[1] This Court construed Defendants' filing as a *Motion to Quash Service of Process*. [Dkt. No. 25, at p. 1].

- 2 -

Defendants, DNC Services Corporation, d/b/a Democratic National Committee ("DNC") and Deborah "Debbie" Wasserman Schultz (collectively, "Defendants") [Dkt. No. 9].

2. Defendants' motion to quash service of process relied heavily upon the sworn declaration of Ms. Herries. [Dkt. No. 10]. Plaintiffs' opposition to the motion showed that, *inter alia*, the declaration of Ms. Herries is at odds with the real-time audio and video footage of the service of process event. [Dkt. No. 24].

3. Among other people, unknown security guard employees of Defendants and Ms. Herries are seen on the real-time audio and video footage of the service of process event. Thus, shortly after receiving this Court's order setting the August 23, 2016 evidentiary hearing, on August 10, 2016, undersigned counsel asked counsel for Defendants to produce for testimony at the evidentiary hearing the unknown security guard employees of Defendants and Ms. Herries. Undersigned counsel wanted to call those witnesses to testify at the August 23, 2016 hearing but the Washington, D.C.-based witnesses are generally outside of the subpoena power of the Southern District Court of Florida. *See* Fed. R. Civ. P. 45(c)(1). However, Defendants have refused to produce those witnesses for the August 23, 2016 evidentiary hearing.

4. On Friday August 12, 2016, undersigned counsel sent Defendants the proposed witnesses and exhibits Plaintiffs intend to use at the August 23, 2016 evidentiary hearing, so that Defendants can state objections and positions (if any) and this Court has a reasonable amount of time to consider them before the hearing. Since Friday August, 12, 2016, the parties have been conferring on their anticipated witness and exhibit lists. On Thursday August 18, 2016, Defendants notified Plaintiffs' counsel for the first time that they intend to introduce the declarations of Lindsey Reynolds, and Robert F. Bauer. It appears that not only will Defendants not be calling any witnesses, they will be attempting to introduce the declaration of Ms. Herries

as well as declarations of the DNC's Chief Operating Officer, Lindsey Reynolds and attorney, Robert F. Bauer, (and perhaps) other inadmissible hearsay.

## Legal Argument

5. This motion *in limine* is proper since it seeks to exclude inadmissible or prejudicial evidence before it is actually introduced. *Luce v. U.S*., 469 U.S. 38, 40 n.2 (1984) ("We use the term in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). Thus, "a motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) (italics supplied).

6. The declaration of Ms. Herries is hearsay under Federal Rule of Evidence 801 because it is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." For the same reason, the declarations of Lindsey Reynolds and Robert F. Bauer are hearsay as well. As stated above, Defendants will not be calling any witnesses to testify in person at the hearing.

7. The foregoing declarations constitute inadmissible hearsay under Federal Rule of Evidence 802, and there are no applicable exceptions under Federal Rules of Evidence 802, 803, 804, 805, 806, or 807. *Compare*, *e.g.*, *N.L.R.B. v. United Sanitation Serv*., 737 F.2d 936, 940 (11th Cir. 1984) ("In our view, the admission of the affidavit was error."); *In Defense of Animals v. U.S. Dep't of Agriculture*, 587 F.Supp.2d 178, 180 (D.D.C. 2008) ("Because the declarations of Hugh Gilmore and Michae*l Caulf*ield a*s freestanding exhibits are inadmiss*ible hearsay, IDA's motion in limine to exclude them will be granted."); *Hughes v. Goodrich Corp*., No.

*3:08cv263, 2010 WL 3746598, at \*15 (S.D. Fla.* Sept. 21, 2010) ("Accordingly, the Court concludes that Hughes' statement constitutes inadmissible hearsay and, therefore, sustains Goodrich's Motion in Limine . . . , as it relates to the request that the Court e*xclude Plaintiff's affi*davit from evidence.").

## Conclusion

WHEREFORE, for the foregoing reasons, reasons to be stated in reply (if any), and reasons to be stated *ore tenus*, Plaintiffs respectfully ask this Court to exclude from evidence at the August 23, 2016 hearing the declarations of Rebecca Herries, Lindsey Reynolds, and Robert F. Bauer, and other inadmissible hearsay.

---

### Certificate of Pre-Filing Conference

On Friday August 12, 2016 and in the subsequent conferral emails on proposed witnesses and exhibits for the August 23, 2016 hearing, undersigned counsel noted Plaintiffs' objection to the introduction of the declaration of Ms. Herries and other inadmissible hearsay.  Despite the objections, Defendants make it clear that they intend to introduce the declaration of Ms. Herries and other inadmissible hearsay.  On Thursday August 18, 2016, Defendants notified Plaintiffs' counsel for the first time that they intend to introduce the declarations of Lindsey Reynolds, and Robert F. Bauer.

---

*~signature page follows~*

DATED: August 18, 2016

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Lee Beck
By: Elizabeth Lee Beck

BECK & LEE TRIAL LAWYERS
JARED H. BECK
ELIZABETH LEE BECK
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:     (305) 234-2060
Facsimile:      (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

CULLIN O'BRIEN LAW, P.A.
CULLIN O'BRIEN
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Telephone:     (561) 676-6370
Facsimile:      (561) 320-0285
cullin@cullinobrienlaw.com

ANTONINO G. HERNANDEZ P.A.
ANTONINO G. HERNANDEZ
4 SE 1st Street, 2nd Floor
Miami, Florida 33131
Telephone:     (305) 282 3698
Facsimile:      (786) 513 7748
Hern8491@bellsouth.net

Counsel for Plaintiffs and the Proposed Classes

- 6 -

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 18th day of August 2016.

                                                        By:   /s/ Elizabeth Lee Beck
                                                                      ELIZABETH LEE BECK