UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:16-CV-61511-WJZ

CAROL WILDING, et al.,

    Plaintiffs,

v.

DNC SERVICES CORP., d/b/a
DEMOCRATIC NATIONAL COMMITTEE,
et al.,

    Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' POST-HEARING MEMORANDUM**

The Democratic National Committee ("DNC") and Former DNC Chair Debbie Wasserman Schultz (together, "Defendants") respectfully submit this Opposition to Plaintiffs' Post-Hearing Memorandum ("Pls.' Mem.") (ECF No. 38).

## I. INTRODUCTION

Plaintiffs' Memorandum goes far beyond the scope of the briefing that the Court authorized. Instead of addressing the case cited by Plaintiffs' counsel at the hearing to support the exclusion of an email obtained from WikiLeaks (the "WikiLeaks Email"), a website trafficking in stolen documents, Plaintiffs filed an extensive brief rehashing arguments made in their Opposition to Defendants' Motion to Quash Service of Process ("Defendants' Motion") (ECF No. 24), and making new and additional arguments related not only to the admissibility of the WikiLeaks Email, but also to Plaintiffs' argument as to why they believe service was proper. For the reasons discussed below, none of these arguments have merit.

## II. ARGUMENT

**A.   Plaintiffs' Memorandum Mischaracterizes The Evidence Presented To the Court**

In purporting to present "context" for the relevance and admissibility of the WikiLeaks Email, Plaintiffs incorrectly state that their process server "requested that someone who was able

to accept service of process be made available," Pls.' Mem. 2, but the video they introduced into evidence proves the contrary. In it, the process server can clearly be heard explaining to Ricardo Villalba that "anybody in the office can accept" service.[1]

Plaintiffs also incorrectly state that Defendants have not presented evidence in support of their Motion. *See id.* at 3. As the Court explained in its orders setting the evidentiary hearing and granting Plaintiffs' motion in limine, Defendants supported their Motion with an affidavit, which the Court accepted and which served to shift the burden to Plaintiffs to prove that service complied with Federal Rule of Civil Procedure 4. *See* Aug. 9, 2016 Order (ECF No. 25); Aug. 19, 2016 Order (ECF No. 35). For the reasons discussed in Defendants' motion papers and at the hearing, even Plaintiffs' own evidence — including the video upon which they rely and the affidavits of service they filed with the Court purporting to demonstrate adequacy of service (ECF Nos. 6 & 7) — conclusively demonstrate that they have not and cannot meet this burden.

**B.    The WikiLeaks Email Does Not Support Plaintiffs' Contention They Complied With Rule 4**

As a fundamental matter, the WikiLeaks Email is inadmissible because it is not relevant. *See* Fed. R. Evid. 401. To meet their burden, Plaintiffs must demonstrate that Ms. Herries was an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Plaintiffs' argument that the WikiLeaks Email is evidence that Ms. Herries was a person capable of legally accepting service of process on behalf of Defendants, either because she had "actual authority and/or apparent authority" to do so, Pls.' Mem. 5, cannot be sustained.

**1.    The WikiLeaks Email Cannot Support Plaintiffs' "Apparent Authority" Argument.**

To the extent the apparent authority doctrine is even applicable to determine whether service of process is proper under Rule 4 (and as Plaintiffs themselves acknowledge, its

---

[1] *See* "Serving the Lawsuit at the DNC live," July 1, 2016, *available at* https://www.facebook.com/DNCfraudlawsuit/videos/vb.612127198950092/617778231718322/?type=2&theater. Plaintiffs played this video for the Court at the evidentiary hearing.

2

applicability is not universally accepted by the federal courts, *see* Pls.' Mem. 4 n.5),[2] it requires a showing that the principal has acted in such a way so as to make it fair and reasonable to rely on that action to presume that an agent of the principal is authorized to accept service on the principal's behalf. *See, e.g.*, *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *18 (D.N.J. Mar. 1, 2010) (explaining apparent authority to accept service must be created by acts of the principal— not the agent); *DeBartolo v. Plano Molding Co.*, No. 01 C 8147, 2002 WL 1759811, at *2 (N.D. Ill. July 29, 2002) ("Whether apparent authority can suffice to show authorization to accept service under Rule 4 is an unsettled question" but even if it suffices "it is established [only] when the actions or representations of a principal reasonably lead a third party to believe that an agent is authorized to act on the principal's behalf").[3] But it is undisputed that the process server did not know who Ms. Herries was when he handed her the summons and complaint on July 1. Nothing that Plaintiffs have presented – and nothing in the WikiLeaks Email – supports a finding otherwise. In fact, all of the evidence proffered supports exactly the opposite conclusion. The process server did not ask Ms. Herries for her name, her title, or her position at the DNC. She only informed him that she was "just with the DNC upstairs." Pls.' Mem. 3. Plaintiffs' own affidavits of service (ECF Nos. 6 & 7)—which Plaintiffs failed to introduce into evidence at the hearing and, in fact, attempted to *object* to—reveal that the process server had *no idea* who he was serving.

Because Plaintiffs' process server plainly did not know who he was handing the documents to, Plaintiffs' argument that he could have been fairly and reasonably relying on an act of the DNC or its former Chair that appeared to confer authority upon Ms. Herries to accept service is illogical. Nor can Plaintiffs credibly argue that the Email—which presumably was found on WikiLeaks

---

[2] At least one of Florida's Court of Appeals has also rejected the argument that apparent authority can support service of process under Florida law. *See Bank of America, N.A. v. Bornstein*, 39 So. 3d 500, 501 (Fla. 4th DCA 2010). This case draws into serious doubt Plaintiffs' reliance on *Evans v. Thornton*, 898 So. 2d 151 (Fla. 4th DCA 2005), which is in any event inapplicable not only because of the distinguishable circumstances, but also because Plaintiffs do not contend to have served Defendants in compliance with Florida law.

[3] Applying these requirements, courts have held that even if an individual says they are authorized to accept service (which, as the undisputed evidence demonstrates, was not the case here), that alone does not make service proper under the apparent authority doctrine. *See, e.g.*, *id.*; *see also Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *5 (Feb. 1, 2008).

*after* Plaintiffs' counsel discovered that the person listed on the affidavits of service was not the person to whom the process server handed the summons and complaint—retroactively made service upon Ms. Herries sufficient pursuant to the "apparent authority" doctrine. Indeed, *even if* Plaintiffs found the Email *before* service and sent the process server to the DNC in search of Ms. Herries because they believed that a single email from an assistant regarding a meeting in a conference room was sufficient to confer authority upon her to accept service for the Defendants, it could not support their argument: absolutely nothing in the Email evidences any actions by Defendants that would make a reasonable person believe Ms. Herries was authorized to accept service. It is thus not relevant to Plaintiffs' apparent authority argument and should be excluded on those grounds alone.

        2.        **The WikiLeaks Email Cannot Support Plaintiffs' "Actual Authority" Argument.**

The WikiLeaks Email also cannot support Plaintiffs "actual authority" argument. Simply put, nothing in it shows that Ms. Herries was an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Instead of addressing this key question, Plaintiffs rehash the same out-of-circuit authorities they cited to in their Opposition to Defendants' Motion, ignoring again, that both the Eleventh Circuit and Florida reject the notion that actual notice of service is sufficient, rendering many of these cases—decided in different jurisdictions that apply different standards—wholly inapposite. *See* Defs.' Mot. 5-6; Defs.' Reply In Supp. of Mot. 5-6 (ECF No. 26). But even if that were not so, each of the cases cited by Plaintiffs are distinguishable and do not support either their broader argument that service was proper, or the argument that their Memorandum purports to address—the propriety of admission of the WikiLeaks Email.

In *State of Ga. v. Nat'l Dem. Party*, 447 F.2d 1271, 1273 n.2 (D.C. Cir. 1971), the D.C. Circuit noted that the Republican National Committee did "not challenge the sufficiency of service on itself." Here, Defendants are plainly challenging the sufficiency of service. In *Flynn v. Pulaski Constr. Co.*, 2006 WL 47304, *4-*5 (D.D.C. Jan. 6, 2006), plaintiff's process server served a

4

secretary/receptionist in the defendant-companies' offices who stated she was the "Office Manager" and that she was authorized to receive service for all three defendants. *Id.* at *2. It is undisputed that Ms. Herries said no such thing. In *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 688–89 (9th Cir. 1988), the process server left the summons and complaint with the receptionist of a small company who the court found had a "role [that] … was commensurately large in the structure of the company." *Id.* at 688. In contrast, the DNC is not a small company, nor does anything in the WikiLeaks Email indicate that Ms. Herries' role within it is "commensurately large." In *Koninklijke Luchtvaart Maatschappij N. V. v. Curtiss-Wright Corp.*, 17 F.R.D. 49, 51–52 (S.D.N.Y. 1955), the court held that service on the corporation was proper where the Assistant Secretary, an officer of the corporation, was served by informing his personal secretary to bring the summons and complaint from the U.S. Marshal into his office, and decided to keep the summons and complaint. There is simply no evidence in this case—in the WikiLeaks Email or elsewhere—that the circumstances here are remotely similar.

Thus, the Email is similarly not relevant to Plaintiffs' actual authority argument and should be excluded on those grounds.

**C.    Plaintiffs Failed To Lay The Requisite Foundation For the WikiLeaks Email**

In addition to the issues of relevance, discussed above, admission of the Email would be improper, because Plaintiffs failed to lay the requisite foundation for its admission. Plaintiffs implicitly admit that they understood they had an obligation to do so, asserting they "attempted to set the foundation for the e-mail by Ms. Herries through the testimony" of their sole witness. Pls.' Mem. 9. But that witness testified only that he found the Email on the WikiLeaks website. *Id*.

There is accordingly no grounds for the Court to find that the document is what it purports to be as required by Federal Rule of Evidence 901(a).[4] Defendants objected to the e-mail's

---

[4] Holding Plaintiffs to the Federal Rules' requirements of demonstrating authenticity is particularly important in a situation such as this where several major, credible news outlets have reported the strong likelihood that the page where Plaintiffs found the document is populated with documents supplied to WikiLeaks by Russian-linked hacking groups, which have a well-documented history of doctoring and altering documents. *See* Devlin Barrett and Damien Paletta "Lawmakers Raise Alarms Over DNC Hacks", Wall Street Journal, Jul. 26, 2016,

5

authenticity at the hearing because Mr. Villalba was not the sender, recipient, or custodian of the purported e-mail and did not receive it from its sender, recipient, or custodian. Admitting the WikiLeaks Email into evidence on such insufficient evidentiary grounds would dangerously incentivize hacking of information of corporations, governments, and individuals in an attempt to gain a litigation advantage for either the hackers or their third-party allies. Plaintiffs' argument that the WikiLeaks Email is admissible as a business record is similarly meritless. Mr. Villabla is not a records custodian for the DNC, and Plaintiffs offered no witness or certification that could meet the requirements of Federal Rule of Evidence 803. And Defendants have argued that "the source of information or the method of circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E); *see supra* at n.4.

*ACLU v. Dep't of State*, 878 F.Supp.2d 215 (D.D.C. 2012), is instructive and squarely supports Defendants' foundational objections. In that case, the American Civil Liberties Union ("ACLU") brought a Freedom of Information Act ("FOIA") suit against the Department of State for failure to produce documents that the State Department labeled as classified, but that had already been made public by WikiLeaks. In denying ACLU's claims, the court stated "[n]o matter how extensive, the WikiLeaks disclosure is no substitute for an official acknowledgement and the ACLU has not shown that the Executive has officially acknowledged that the specific information at issue was a part of the WikiLeaks disclosure." *Id.* at 224. The same principle is analogous to the matter at hand: where purportedly internal information of an organization has been stolen but not authenticated, an adversarial party cannot obtain or use the information just because it has been publicly disclosed. *See Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 845 n.2 (S.D. Tex.

---

http://www.wsj.com/articles/lawmakers-raise-alarms-over-dnc-hacks-1469576585; Josh Meyer, "Why Experts Are Sure Russia Hacked DNC Emails, NBC News, Jul. 26, 2016, http://www.nbcnews.com/news/us-news/why-experts-think-russia-hacked-dnc-emails-n616486; Elias Groll, "Turns Out You Can't Trust Russian Hackers Anymore", Foreign Policy, August 22, 2016, http://foreignpolicy.com/2016/08/22/turns-out-you-cant-trust-russian-hackers-anymore/ (subheading stating "Moscow-linked cybertheives aren't just stealing and releasing emails anymore – they're altering them to smear one of Putin's most vocal opponents."); Elias Groll, "Whoopsie: Russian hackers post same document twice, but with glaring differences", Ottawa Citizen, August 24, 2016, http://www.ottawacitizen.com/News/12147705/story.html.

2015) (noting Plaintiffs failed to provide authority for "authenticating or taking judicial notice of Wikileaks cables") (citing James P. Kelly, Jr., *Wikileaks: A Guide for American Law Librarians*, 104 Law Libr. J. 245, 261 (2012) ("Whether WikiLeaks would qualify as such a reliable source [of which a court may take judicial notice] has yet to be judicially determined.")).[5]

### III.   CONCLUSION

On the very narrow issue currently before the Court, the WikiLeaks Email is irrelevant to whether Plaintiffs complied with Rule 4 of the Federal Rules of Civil Procedure. Despite Plaintiffs' mischaracterizations of the record and the law, they cannot answer this question in the affirmative, and nothing in the WikiLeaks Email changes that. The Court can and should exclude it for that reason. Furthermore, even assuming for the purposes of argument that there could be circumstances in which a court may allow a party to rely on documents obtained from a website such as WikiLeaks, the court should not in such cases relieve the proffering party from complying with the other applicable rules of evidence—including the requirement that they lay a proper foundation for the evidence. In this case, Plaintiffs' failure to meet these threshold requirements provides further reason for excluding the Email. Defendants respectfully request that the Court exclude the WikiLeaks Email from evidence.

Dated:  August 25, 2016                             Respectfully submitted,

*s/Gregg D. Thomas*
Gregg D. Thomas
Florida Bar No.: 223913
601 South Boulevard P.O. Box 2602 (33601)
Tampa, FL 33606

---

[5] Plaintiffs inconsistently argue that the *ACLU* case is distinguishable because it involved a FOIA request, but then proceed to cite to cases that involve FOIA requests and WikiLeaks cables where it "appeared" that the Court admitted the WikiLeaks cables into evidence. Plaintiffs also take substantial liberties with how they characterize some of those cases. *See*, *e.g.*, *Mobley v. C.I.A.*, 924 F. Supp. 2d 24, 52 (D.D.C. 2013) (stating plaintiff's argument based on WikiLeaks cables "need not detain the Court long."). The other cases make short shrift of the WikiLeaks cables. *See*, *e.g.*, *Rimi v. Obama*, 2015 WL 4067336, 608 F. App'x 4, 6 (D.C. Cir. 2015) (summarily dismissing the relevance of the WikiLeaks cable to the argument advanced); *U.S. v. Bout*, No. 08 Cr. 365(SAS), 2011 WL 3369797, at *1 (S.D.N.Y. Aug. 2, 2011) (same).

Telephone: (813) 984-3060
Facsimile: (813) 984-3070
gthomas@tlolawfirm.com

Marc E. Elias (admitted *pro hac vice*)
Bruce Spiva (admitted *pro hac vice*)
Graham Wilson (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
Ruthzee Louijeune (admitted *pro hac vice*)
PERKINS COIE LLP
700 13th Street, N.W. , Suite 600
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
bspiva@perkinscoie.com
gwilson@perkinscoie.com
efrost@perkinscoie.com
rlouijeune@perkinscoie.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Opposition to Plaintiffs' Post-Hearing Memorandum was served by CM/ECF on August 25, 2016 on all counsel or parties of record on the service list.


                                          */s Gregg D. Thomas*
                                        Gregg D. Thomas