UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61511-CIV-ZLOCH

CAROL WILDING, et al.,

       Plaintiffs,

vs.                                          **O R D E R**

DNC SERVICES CORPORATION, d/b/a
DEMOCRATIC NATIONAL COMMITTEE,
and DEBORAH "DEBBIE" WASSERMAN
SCHULTZ,

       Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Motion To Dismiss For Insufficient Service Of Process Or, In The Alternative, Extend Time To Answer Or Respond To Complaint (DE 9), which the Court, by prior Order (DE 25), has construed as a Motion To Quash Service Of Process. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

## I. Background

    By the instant Motion (DE 9) and Memorandum (DE 11), Defendants contend that while the Affidavits Of Service Of Process (DE Nos. 6 & 7) purport to show that service of process for both Defendant DNC Services Corporation, d/b/a Democratic National Committee (hereinafter "Defendant DNC"), and Defendant Deborah Wasserman Schultz (hereinafter "Defendant Wasserman Schultz") was effected by serving an individual named Rebecca Christopher, these Affidavits are incorrect. Defendants provide the Declaration Of

Rebecca Herries In Support Of Defendants' Motion To Dismiss For Insufficient Service Of Process Or, In The Alternative, Extend Time To Answer Or Respond To Complaint (DE 10) to rebut Plaintiffs' Affidavits (DE Nos. 6 & 7). In her Declaration (DE 10), Rebecca Herries states that she is employed at Defendant DNC as a special assistant to the CEO, who, at that time was Amy Dacey, and that Ms. Herries was the individual Plaintiffs attempted to serve on July 1, 2016. Defendants argue that Rebecca Herries is not a proper recipient of service of process pursuant to Federal Rules of Civil Procedure 4(e) and 4(h). Defendants argue that under no applicable rule permitting service of process, as set forth below, was Rebecca Herries authorized to accept service of process on behalf of either Defendant. The Court reviewed Rebecca Herries's Declaration (DE 10) and by separate Order (DE 25) set an evidentiary hearing for the purpose of permitting Plaintiffs an opportunity to meet their burden of demonstrating that service of process was proper.

The Court held the evidentiary Hearing on the instant Motion To Quash Service Of Process (DE 9) on August 23, 2016. At said Hearing, the Court heard testimony from one witness on behalf of Plaintiffs, Mr. Ricardo Villalba-Cabral, the videographer of Plaintiffs' process server, Shawn Lucas's, efforts to serve Defendants on July 1, 2016. Both Plaintiffs and Defendants introduced evidence at the Hearing. Plaintiffs introduced a video recording of the alleged service of process, a police report

documenting the death of Plaintiffs' process server, an email pertaining to the police report, and a corrected Affidavit of Service.  Defendants introduced the original Affidavits Of Service Of Process (DE Nos. 6 & 7).  Additionally, Plaintiffs sought to introduce into evidence a document purportedly obtained through WikiLeaks.  The Court finds that regardless of whether this proposed exhibit was made a part of the record, its ruling herein would not be affected.  Thus, the Court need not reach the issue of the admissibility of this document at this time.

At the evidentiary Hearing, Plaintiffs argued that the Court should exercise its discretion and find that while Rebecca Herries is not an individual listed in any of the rules concerning service, that by receiving service on behalf of both Defendants, she exercised apparent authority sufficient to receive service and thus give this Court personal jurisdiction over Defendants.

Defendants maintain that Plaintiffs have not complied with any applicable rule for service of process and that Rebecca Herries had no authority to accept service on behalf of either Defendant.

The Court notes for the record that, at the Hearing, the Court asked Plaintiffs to clarify whether Defendant Wasserman Schultz is being sued in her corporate or her individual capacity.  Plaintiffs confirmed that she is being sued in her individual capacity.

3

## II. Analysis

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv., 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). Characterizing a party's suggestion that it "should liberally construe the formal requirements for service under the Federal Rules because [the defendant] received actual notice but simply chose to 'ignore the whole thing,'" the Eleventh Circuit found that notice was not sufficient and that due process under the Constitution required a "'basis for the defendant's amenability to service of summons on the defendant.'" Prewitt Enter., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 924-25 (11th Cir. 2003) (quoting Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). "And service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brookville, 237 Fed. Appx. 809, 811 (11th Cir. 2008) (citing Prewitt, 353 F.3d at 925).

The Court will begin with the service of process as to Defendant Wasserman Schultz, in her individual capacity. This issue was not briefed by the Parties, but instead arose at the

4

Hearing, upon the Court's questioning of Plaintiffs. Indeed, the Court posed its question to Plaintiffs because in neither the Complaint (DE 1) nor the First Amended Complaint (DE 8) was there complete clarity on this point. Indeed, Defendants stated at the Hearing that they thought Defendant Wasserman Schultz was being sued in her corporate capacity. Federal Rule of Civil Procedure Rule 4(e) details "Serving an Individual Within a Judicial District of the United States," and it states in pertinent part, the methods of effecting service:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process

Fed. R. Civ. P. 4(e)(1)-(2)(A)-(C). From Plaintiffs' argument at the evidentiary Hearing, it is unclear to the Court why Plaintiffs believe they should be allowed to serve Defendant Wasserman Schultz, in her individual capacity, without complying with any of the options provided by the Rule governing such service. Certainly, Plaintiffs did not argue that they complied with 4(e)(2)(A) or (B). They did not serve Defendant Wasserman Schultz personally. Nor did they attempt to serve her at her dwelling. In

5

fact, Plaintiffs seemed to suggest that doing either would not be reasonable. Plaintiffs also did not explain, or offer any evidence, as to how Rebecca Herries could be considered "an agent authorized by appointment or by law" under Fed. R. Civ. P. 4(e)(2)(C). The Court fails to see how abandoning the requirements of the Rule would be an appropriate exercise of its discretion. No evidence thus presented would permit the Court to find that Defendant Wasserman Schultz has been properly served in her individual capacity. Thus, the dictates of Rule 4(e) require the Court to quash service as to Defendant Wasserman Schultz, in her individual capacity.

Federal Rule of Civil Procedure 4 includes two pertinent sections the Court must consider in determining whether service was proper with respect to Defendant DNC. Rule 4(e), as detailed above, discusses service on an individual and Rule 4(h) discusses service on a corporation. Rule 4(h) also incorporates a portion of 4(e) which states that service may also be made on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this instance, therefore, service could be made on Defendant DNC, a corporate defendant, by complying with Rule 4(h), or by complying with the service of process rules of the state of Florida, or by complying with the service of process rules for the

6

District of Columbia, where service was made.

First, Federal Rule of Civil Procedure 4(h) notes that a corporation may be served, in accord with Fed. R. Civ. P. 4(e)(1), as noted above, or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(B). Turning next to Florida law for service, there is no suggestion that, under Fla. Stat. § 48.091, Rebecca Herries was Defendant DNC's registered agent, as a Florida corporation would be required to designate. Thus, Plaintiffs would be traveling under Fla. Stat. § 48.081, which describes service on a corporation. For any private corporation, domestic or foreign, this statute lists a hierarchy of persons who may be served, depending on the absence of persons in the preceding section:

> **(a)** On the president or vice president, or other head of the corporation;
> **(b)** In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> **(c)** In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> **(d)** In the absence of any person described in paragraph (a), paragraph (b), paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081(1)(a)-(d) (emphasis added). In <u>Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.</u>, the court stated that "Sections 48.081 and 48.091 provide the exclusive means of

7

effecting service of process on an active corporation, and these provisions must be strictly construed." 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 1980). Finally, Plaintiffs could choose to serve under the District of Columbia's rules, but this rule closely tracks Fed. R. Civ. P. 4(h), and suggests no alternative path. See D.C. Super. Ct. Civ. R. 4(h).

Plaintiffs proffered no evidence demonstrating that Rebecca Herries is actually an appropriate recipient of service under any relevant rule. Certainly, she is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(B). Instead, the Court would characterize Plaintiffs' argument as being one of apparent authority. The video now in evidence as Plaintiff's Exhibit 1 shows that, in response to Plaintiffs' process server, Shawn Lucas's, request to speak to anyone on a list he provided, Rebecca Herries eventually met Mr. Lucas and accepted the papers he handed to her. The evidence is uncontroverted that Mr. Lucas did not ask Ms. Herries for her last name or her position or for any identification whatsoever. Indeed, he evinced his lack of knowledge as to her identity when he filed his Affidavits (DE Nos. 6 & 7) stating that he served a Rebecca Christopher, instead of Ms. Herries. However, the evidence is also uncontroverted that Ms. Herries did not refuse to accept the papers Mr. Lucas handed to her and at no point during Mr. Lucas's attempt to serve her did she

indicate to him that she lacked authority to accept service of process on behalf of either Defendant. To the contrary, when handed the papers, she said, "perfect."

Based on the evidence presented, the Court cannot find that Ms. Herries was the correct recipient of service of process for either Defendant under any applicable rule. The Court will, therefore, also quash service as to Defendant DNC. While Plaintiff's process server did not fulfill his obligations in satisfying himself as to whom he was attempting to serve, the Court cautions the Defendant DNC about subsequent attempts by Plaintiffs to effect service. No evidence at the Hearing explains Ms. Herries's conduct; however, the Court hereby advises Defendant DNC that it will not tolerate the conduct in which Defendant DNC engaged in this instance.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion To Dismiss For Insufficient Service Of Process Or, In The Alternative, Extend Time To Answer Or Respond To Complaint (DE 9), which the Court, by its Order (DE 25) has construed as a Motion To Quash Service Of Process, be and the same is hereby **GRANTED**;

2. Service of Process as to Defendant DNC Services Corporation, d/b/a Democratic National Committee, and Defendant Deborah Wasserman Schultz be and the same is hereby **QUASHED**; and

9

3. Plaintiffs be and the same are hereby ordered to serve Defendant DNC Services Corporation, d/b/a Democratic National Committee, and Defendant Deborah Wasserman Schultz within the time prescribed by law.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of August, 2016.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record